UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DEFOREST,

        Movant,

                                           File No. 1:10-CV-137

v.

                                           HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

        Respondent.

_____/

**O P I N I O N**

        This matter comes before the Court on Movant John DeForest's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court. For the reasons that follow, the motion will be denied in part and an evidentiary hearing will be granted on the issue of Counsel's failure to file an appeal.

**I.**

        Movant was indicted on September 11, 2008, on the following charges: (1) Manufacture of 100 or more Marijuana Plants, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B)(vii); (2) Unlawful Possession of a Machinegun, in violation of 18 U.S.C. § 922(o)(1), 18 U.S.C. § 921(a)(23), 26 U.S.C. § 5845(b), and 18 U.S.C. § 924(a)(2); and (3) Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1), 18 U.S.C. § 921(a), and 18 U.S.C. § 924(a)(2). *United States v. DeForest*, Case No. 1:08-CR-169 (W.D. Mich. Feb. 19, 2009; Dkt. No. 15, Superseding Indictment.) Movant pleaded guilty

to Counts 1 and 3 of the Superseding Indictment, and was sentenced on February 12, 2009, to 60 months' imprisonment on each count, to run concurrently, followed by five years of supervised release. (1:08-CR-169, Dkt. No. 31, Sent. Tr. 22-23.) Movant did not appeal and filed this § 2255 motion on February 11, 2010. (Dkt. No. 1.)

**II.**

To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either: (1) "cause" and "actual prejudice"; or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456

U.S. 152, 167-68 (1982). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the movant could have raised the claim on direct appeal. *Id.*

A court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

### III.

The four grounds for relief raised in Movant's initial § 2255 motion are: (1) that he was coerced by his attorney to sign the plea agreement; (2) that the Government fraudulently misrepresented the number of marijuana plants found in Movant's home and withheld Brady evidence; (3) that Movant was mentally incompetent; and (4) that the search warrant was overly broad and the traffic stop was invalid, in violation of the Fourth Amendment. (Dkt. No. 1.)

**A. Plea Agreement**

By pleading guilty, a defendant waives the constitutional rights that attach in a criminal trial, including the very right to a trial, rights against self-incrimination, and rights

of confrontation, among others. *Florida v. Nixon*, 543 U.S. 175, 187 (2004). Guilty pleas "comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *United States v. Broce*, 488 U.S. 563, 569 (1989). In his § 2255 motion, Movant claims that his attorney coerced him into signing the plea agreement, "using threats and scare tactics." (Dkt. No. 1, Mot. to Vacate 4.) Movant claims that he was "illegally coerced . . . to plead guilty" and that his attorney did not verify the accuracy of the charges or of the Movant's own competency. (Dkt. No. 1, Mot. to Vacate 1, 4.) These claims are contradicted by the record.

In his plea agreement, Movant agreed that the plea was entered "freely, knowingly, and voluntarily," and, by signing the agreement, stated, "[n]o one has threatened or forced me in any way to enter this agreement . . . I am satisfied with the representation of my attorney in this matter." (1:08-CR-169, Dkt. No. 22, Plea Agrm't 8-9.) At the plea hearing on October 30, 2008, Counsel also told the Court that Movant was entering the plea freely and voluntarily. (1:08-CR-169, Dkt. No. 30, Plea Tr. 2-3.) Movant was sworn by the Court and made statements under oath. Movant told the Court that he voluntarily agreed to the terms of the plea. (1:08-CR-169, Dkt. No. 30, Plea Tr. 10.) The Court asked Movant if it was true that no one had threatened him in any way and that he was satisfied with his attorney's representation; Movant answered affirmatively. (1:08-CR-169, Dkt. No. 30, Plea Tr. 4.) Conversely, during the Court's inquiry, Movant never gave an indication that the plea was involuntary. Movant also acknowledged the other rights he was giving up by pleading

4

guilty. The Court again asked whether anyone had threatened or coerced Movant into pleading guilty, to which Movant replied, "No." (1:08-CR-169, Dkt. No. 30, Plea Tr. 10.) Movant again told the Court that his plea was free and voluntary, and the Court made a finding based on those statements.

When the record reveals that a petitioner's "plea was knowing and voluntary," the district court need not conduct a hearing if the defendant later challenges the guilty plea in a 28 U.S.C. § 2255 proceeding. "[T]o allow indiscriminate hearings in federal post conviction proceedings . . . would eliminate the chief virtues of the plea system -- speed, economy, and finality." *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986) (quoting *Blackledge v. Allison*, 431 U.S. 63, 71 (1977)). "[A] defendant who expressly represents in open court that his guilty plea is voluntary may not ordinarily repudiate his statements to the sentencing judge." *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993) (citing *Fontaine v. United States*, 411 U.S. 213, 215 (1973)) (internal quotation marks omitted).

When voluntary, a conviction and plea waive the right to collateral attack. *Broce*, 488 U.S. at 569. "Waiver is the 'intentional relinquishment or abandonment of a known right.'" *United States v. Olano*, 507 U.S. 725, 733 (1993) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). A defendant must make a conscious decision whether to plead guilty or challenge the evidence and force the Government to prove guilt beyond a reasonable doubt. When a defendant chooses to plead guilty and not to challenge the evidence, he relinquishes the privilege to do so later. *Broce*, 488 U.S. at 571. "It is well settled that a voluntary and

5

intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Id.* at 574 (quoting *Mabry v. Johnson*, 467 U.S. 504, 508 (1984)).

The issue in the present case is whether Movant's plea agreement was intelligent and voluntary. Whether a guilty plea is entered knowingly and voluntarily is determined by a comprehensive examination of the totality of the circumstances. *Barry v. Mintzes*, 726 F.2d 1142, 1146-49 (6th Cir. 1984) (citing *Rinehart v. Brewer*, 561 F.2d 126, 130 (8th Cir. 1977)). In *Barry*, the defendant was not entitled to habeas relief because he had stated on the record several times that his plea was voluntary and that he had discussed his constitutional rights with his attorney. 726 F.2d at 1144, 1149. A court may presume or infer that a defendant has been adequately informed by his attorney of the direct consequences of his plea and of his substantive and procedural rights. See *Id.* at 1146-49. This presumption is valid when supported by the record and when an attorney is experienced in the criminal defense system. *Id*.

Examining the totality of the circumstances, it is clear that Movant was aware of his rights, entered the plea agreement freely and voluntarily, and was satisfied with his attorney's representation. Furthermore, Movant presents no evidence of threats or coercion. "Fair presentment requires a petitioner to put forward operative facts and controlling legal principles" to support his claims. *Sweeney v. Carter*, 361 F.3d 327, 332 (7th Cir. 2004). Movant has failed to meet this burden. The plea agreement is voluntary, intelligent, and

valid; therefore, the issues waived by the plea agreement are denied.

**B. Issues Waived by the Plea Agreement**

*Withholding of Brady Evidence and Fraudulent Police Investigation*

In his § 2255 motion, Movant claims that the police who served the search warrant on his home fraudulently reported the number of marijuana plants and withheld video evidence of the service of the search warrant. (Dkt. No. 1.) Movant claims that some of the plants were vegetables and that he has a home-video surveillance tape of the police investigation. (Dkt. No. 1.) He states that the video shows that the police were also recording the investigation on a camcorder, but that they failed to provide the video to defense counsel. (Dkt. No. 8.) This claim is waived by the plea.

As a matter of law, Movant had the opportunity to present this evidence before the district court but did not. In signing the plea agreement, Movant waived his right to testify on his own behalf, present evidence, call witnesses, present affirmative defenses, and make Fourth Amendment claims. (1:08-CR-169, Dkt. No. 22, Plea Agrm't 7.) Specifically, Movant stipulated to the number of marijuana plants in the plea agreement. (1:08-CR-169, Dkt. No. 22, Plea Agrm't 3.) His waiver of the right to present evidence precludes him from challenging the number of plants involved in the offense. (1:08-CR-169, Dkt. No. 22, Plea Agrm't 7.) Additionally, Movant does not provide any evidence of fraud or bad faith on behalf of the Government. Furthermore, the video he mentions was in his own possession and therefore was not withheld by the Government. Therefore, Movant does not show

7

prejudice in this matter. Movant's claim was waived by the plea agreement and is denied.

*Facial Invalidity of Search Warrant and Bad Traffic Stop*

Movant's Fourth Amendment claims regarding the validity of the search warrant served at his home and the appropriateness of the traffic stop are also waived by the plea agreement because Movant waived his right to raise Fourth Amendment issues. (1:08-CR-169, Dkt. No. 22, Plea Agrm't 7.) As a part of his plea agreement, the Movant gave up "any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed." (1:08-CR-169, Dkt. No. 22, Plea Agrm't 7.) Therefore, this claim is denied.

*Failure of the Court to Evaluate Movant's Mental Competence*

Movant's claims regarding his own competence to sign agreements and participate in his own defense are likewise waived because, as an affirmative defense, the right to present them was waived by the plea agreement. (1:08-CR-169, Dkt. No. 22, Plea Agrm't 7.) Movant forever waived "his right to claim an insanity defense." (1:08-CR-169, Dkt. No. 22, Plea Agrm't 4.) The Court, Movant, and Counsel had a detailed discussion about Movant's decision to withdraw his claim of insanity. (1:08-CR-169, Dkt. No. 30, Plea Tr. 27-30.) Movant expressed several times to this Court his ability to understand that his actions were wrong and the steps he took to conceal his actions. (1:08-CR-169, Dkt. No. 30, Plea Tr. 11.) Movant's needs for mental evaluation, therapy, and treatment were discussed at length as well. (1:08-CR-169, Dkt. Nos. 30, Plea Tr. 11; 31, Sent. Tr. 25.) Movant does not show that

8

he was prejudiced by his mental incompetence; nor does he present evidence which tends to prove that such mental incompetence would render him actually innocent.

Movant's own inability to intelligently enter the plea is only one factor in the evaluation of his plea. See *Bousley*, 523 U.S. at 619 ("although later judicial decisions indicated that at the time of his plea he did not correctly assess every relevant factor entering into his decision . . . he was advised by competent counsel, was in control of his mental faculties, and was made aware of the nature of the charge against him") (quoting *Brady v. United States*, 397 U.S. 742, 756-57 (1970)) (internal quotation marks omitted). Because the plea was intelligent and voluntary, Movant's claim is waived, and is therefore denied.

**C. Ineffective Assistance of Counsel for Failure to File an Appeal**

Movant has not raised a specific claim that Counsel was ineffective for failing to file a notice of appeal. As a matter of law, all of Movant's claims are procedurally barred for the failure to raise them on appeal. *Massaro*, 538 U.S. at 502. However, the issue of ineffective assistance appears several times in his § 2255 motion as an explanation for the failure to raise these issues on appeal. Ineffective assistance of counsel claims are exempt from the procedural bar rule. *Id*. In the interest of justice, and because pro se pleadings are held to less stringent standards[1], this Court will consider the issue to the extent that Movant claims his attorney was ineffective for failing to raise the issues on appeal. In the original § 2255

---

[1] *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

9

motion, Movant made several claims about his attorney's ineffectiveness. He claims "[m]y attorney was supposed to file an appeal but I just found out he didn't," and "[m]y trial counsel told me that he was going to file an appeal for me but I did not find out that he didn't until I got my dockets." (Dkt. No. 1, Mot. to Vacate 2, 4.)

In its response, the Government provided an Affidavit from Movant's Counsel, Mr. Turpel, indicating that he and the Movant had a conversation about whether to appeal. (Dkt. No. 5-1.) Counsel and Movant discussed three reasons why there was no reason to appeal: first, that there had been a voluntary plea; second, that Movant's objections to the PSR had already been decided in his favor; and third, that he received the mandatory minimum sentence and the safety valve would not apply. (Dkt. No. 5-1.) Movant and Counsel both recognize that the Affidavit indicated that Movant requested Counsel to file an appeal, but that Counsel decided not to do so because of his own conclusions as to what would be in the Movant's best interests. (Dkt. No. 8.)

To make out a claim of ineffective assistance of counsel, a movant must show that counsel's representation fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Movant claims that Counsel was ineffective for failing to file a notice of appeal. "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). As a result, this Court will "presume[] prejudice with no further

10

showing from the defendant on the merits of his underlying claims when the violation of the right to counsel rendered the proceeding presumptively unreliable or entirely nonexistent." *Id.* at 484.

*Roe* rejected a *per se* rule that an attorney must always file an appeal unless specifically told otherwise. *Id.* at 478. "When the client has neither told his attorney to file an appeal nor told her not to file an appeal, courts must evaluate the attorney's performance by asking whether the attorney "consulted" with the defendant about the benefits and drawbacks of bringing an appeal." *Regalado v. United States*, 334 F.3d 520, 524 (6th Cir. 2003).

Additionally, it is not necessary for Movant to state on what grounds the appeal would have rested. *Id.* at 486 (citing *Peguero v. United States,* 526 U.S. 23, 30 (1999) (O'Conner, J., concurring) ("To require defendants to specify the grounds for their appeal and show that they have some merit would impose a heavy burden on defendants who are often proceeding pro se in an initial [habeas] motion.")). Movant must simply show that "but for counsel's deficient conduct, he would have appealed." *Roe,* 528 U.S. at 486. Movant alleges that he requested a notice of appeal, and that, but for Counsel's failure to file the notice, Movant would have appealed his sentence. (Dkt. Nos. 1, 8.) Because Movant did not waive his right to appeal or collaterally attack his sentence or conviction, he is not barred by his plea agreement from raising an ineffective assistance of counsel claim. (1:08-CR-169, Dkt. No. 22, Plea Agrm't 7.)

11

To determine whether counsel's failure to file a notice of appeal was objectively unreasonable, this Court applies the analysis established in *Roe*. *Johnson v. United States*, 364 F. App'x 972, 975-76 (6th Cir. 2010). First, the Court "must determine whether the defendant gave counsel express instructions regarding an appeal." *Id*. Movant must show by a preponderance of the evidence that he expressly requested that Counsel file a notice of appeal, and that Counsel failed to do so. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (quoting *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)). "Fair representation requires a petitioner to put forward operative facts and controlling legal principles." *Sweeney*, 361 F.3d at 332. Although Movant claims to have asked Counsel to file an appeal, he has not yet shown by a preponderance of the evidence that he did, in fact, make that request. (Dkt. No. 1, Mot. to Vacate 4; Dkt. No. 8, Reply 4.)

Second, even if Movant gave no express instruction to file a notice of appeal, the Court must ask "whether counsel consulted with the defendant about an appeal." *Johnson*, 364 F. App'x at 976. Consultation is defined in this context as "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Roe*, 528 U.S. at 478. Counsel indicates that he consulted with Movant about an appeal after sentencing. (Dkt. No. 5-1.) Movant does not deny that the consultation took place. (Dkt. No. 8.) There is a void in the record as to how this consultation concluded. Movant does not contend that Counsel disregarded specific instructions to appeal even after consultation; neither does Counsel indicate that Movant

12

agreed not to pursue an appeal. For the foregoing reasons, the files and records in this case do not conclusively show that Movant is entitled to no relief under § 2255. Accordingly, the Court will conduct an evidentiary hearing to resolve the following issue:

> (1) whether Movant directly instructed Counsel to file a notice of appeal, after consultation, or whether Movant agreed not to pursue an appeal.

An order consistent with this opinion shall be entered.


Dated: September 22, 2011                    /s/ Robert Holmes Bell
                                             ROBERT HOLMES BELL
                                             UNITED STATES DISTRICT JUDGE